UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 2: 09-073-DCR |
| V. | ) ) | |
| QUANTEZ LAMAR CALLOWAY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Quantez Calloway pleaded guilty to distributing five grams or more of cocaine base and was sentenced to 200 months' imprisonment in June 2010. [Record No. 37] The United States Sentencing Commission has identified Calloway as potentially eligible for a sentence reduction pursuant to the First Step Act of 2018. In accordance with General Order 19-5 (Mar. 28, 2019), the United States Probation Office prepared an analysis regarding the First Step Act's impact on Calloway's sentence. The Court has reviewed the analysis and concludes that the defendant's current sentence falls squarely within the recalculated guidelines range and a sentence reduction is not appropriate.

**I.**

Calloway pleaded guilty to count 1 of the indictment, which charged him with distributing five grams or more of cocaine base. He admitted the following:

> On or about March 19, 2009, officers arranged a controlled buy from the Defendant. The Defendant exchanged telephone communications and then met the confidential informant (CI) in Covington, Kentucky. The Defendant sold the CI approximately 6 grams of crack cocaine for $200.00.

> On or about March 31, 2009, officers arranged another controlled buy. The Defendant and the CI exchanged phone calls and then met in Covington, Kentucky. The Defendant sold the CI approximately 7 grams of crack cocaine for $240.00.
>
> On or about July 21, 2005, the Defendant was convicted of three counts of First Degree Trafficking in a Controlled Substance, all Felonies in the First Degree, in the Campbell Circuit Court, in case number 05-CR-00118-02. The Defendant was also convicted of one count of First Degree Trafficking in a Controlled Substance in the Campbell Circuit Court, in case number 06-CR-00179.

[Record No. 34]

The 2009 version of the United States Sentencing Guidelines was used in Calloway's case. He was assigned a base offense level of 24, based on the amount of crack cocaine involved in his offense (12.45 grams). *See* U.S.S.G. § 2D1.1 (2009). However, Calloway received a career-offender enhancement pursuant to U.S.S.G. § 4B1.1, which raised his offense level to 37. He received a three-level adjustment for acceptance of responsibility, resulting in a total offense level of 34. Calloway had a criminal history category of VI based on his status as a career offender, resulting in an advisory sentencing range of 262 to 327 months. He was also subject to a mandatory minimum sentence of 10 years and a maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B) (Effective: Apr. 15, 2009 to Aug. 2, 2010). Calloway ultimately received a below-guidelines sentence of 200 months' imprisonment, to be followed by an eight-year term of supervised release.

## II.

District courts have limited authority to modify sentences once they have been imposed. However, a sentence may be modified "to the extent . . . expressly permitted by statute . . ." and "in the case of a defendant who has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c).

The Fair Sentencing Act of 2010 ("FSA") amended 21 U.S.C. § 841, increasing the amount of crack cocaine required to trigger mandatory minimum sentences. Pub. L. 111-220 (Aug. 3, 2010). Prior to enactment of the FSA, violations involving five grams or more of a mixture or substance containing cocaine base resulted in a mandatory minimum sentence of five years, or 10 years if the offense took place following a prior felony drug conviction. Following the FSA's enactment, 28 grams or more of a mixture or substance containing cocaine base is required to trigger a mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A) (Effective: Aug. 3, 2010). However, under the current law, violations involving less than 28 grams of a mixture or substance containing cocaine base carry a maximum sentence of 30 years if the violation is committed after a conviction for another drug felony. § 841(b)(1)(C). The FSA did not apply retroactively to defendants who were sentenced before the statute was enacted. *United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) (citing *Dorsey v. United States*, 567 U.S. 260 (2012)).

The First Step Act ("2018 Act") was signed into law on December 21, 2018. Pub. L. 115-391 (Dec. 21, 2018). Section 404 of the 2018 Act allows courts to reduce defendants' sentences by applying the FSA retroactively. However, the Court is not required to reduce the sentences of defendants who are eligible for a reduction under the 2018 Act.

Calloway would not have been subject to a statutory mandatory minimum term of imprisonment had the FSA been in effect at the time of his sentencing. However, he was not sentenced based on the mandatory minimum. Instead, his sentence was based on the applicable guidelines range, which was driven largely by his career offender status. Since Calloway's

offense now carries a maximum term of 30 years, his offense level under § 4B1.1 drops from 37 to 34. Applying the three-level reduction for acceptance of responsibility, his total offense level becomes 31. This level, combined with Calloway's criminal history category of VI, produces an amended guidelines range of 188 to 235 months.

The previously-imposed sentence of 200 months' imprisonment remains appropriate. Distributing crack cocaine is a serious offense. Further, the defendant's extensive criminal history at a young age indicates that a substantial sentence is needed both to deter the defendant and to protect the public from future criminal conduct. Additionally, the defendant has had disciplinary infractions while incarcerated, which include escape. Based on all of the foregoing, the defendant's current sentence is the minimum term that is sufficient, but not greater than necessary, to serve the purposes enumerated in 18 U.S.C. § 3553(a). Accordingly, it is hereby

**ORDERED** as follows:

1. The defendant's sentence will not be modified pursuant to the First Step Act of 2018.

2. The Clerk of the Court is directed to forward a copy of this Memorandum Opinion and Order to the defendant at his current location of incarceration: (Register Number: 13445-032) FCI Elkton, 8730 Scroggs Road, Lisbon, Ohio 44432.

Dated: April 30, 2019.



Signed By:
*Danny C. Reeves*
United States District Judge